IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WAYNE DUKE KALBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-280-R |
| | ) | |
| DAVID HOLT, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a state prisoner appearing *pro se*, filed this action pursuant to 42 U.S.C.

§ 1983, asserting violation of his due process rights with regard to the destruction of a

firearm following his conviction for being a felon in possession of a firearm. Pursuant to

28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate

Judge Gary M. Purcell for preliminary review. On May 4, 2020, Judge Purcell issued a

Report and Recommendation wherein he recommended that the petition be dismissed

because Plaintiff failed to state a claim upon which relief can be granted. The matter is

currently before the Court on Plaintiff's timely objection to the Report and

Recommendation, which gives rise to this Court's obligation to undertake a *de novo* review

of those portions of the Report and Recommendation to which Plaintiff makes specific

objection. Having conducted this *de novo* review, the Court finds as follows.

The Report and Recommendation sets forth the history of Plaintiff's criminal

conviction for possession of a firearm after conviction of a felony, which provides the

underlying factual basis for his § 1983 claim. In conjunction with this charge, officers with

the Oklahoma City Police Department seized a pistol from his home. Following his conviction, Mr. Kalbaugh sought the return of his pistol in his criminal case and also by filing a separate civil action, as detailed in the Report and Recommendation. The judge in the criminal case noted that, pursuant to *Henderson v. United States*, 575 U.S. 622 (2015), a court may grant a request by a felon, who cannot lawfully possess a weapon, to transfer the guns to a person who will maintain custody of the gun and not permit the felon to exert influence over the use thereof. The court denied Mr. Kalbaugh's request to send the seized pistol to Sherry Miller, whom he identifies as his "authorized agent," because he did not explain her role, she never appeared in court, and she did not provide assurances that Mr. Kalbaugh would not have constructive possession of the weapon. In denying Mr. Kalbaugh's motion, the court also authorized the City to destroy the firearm. Plaintiff, via this § 1983 action, seeks reimbursement for his Smith & Wesson VE9-9mm pistol.

Judge Purcell recommends dismissal of this action because Plaintiff had adequate post-deprivation remedies. "[T]o state a procedural due process claim, a plaintiff must establish (1) the deprivation of (2) a constitutionally cognizable liberty or property interest, (3) without adequate due process procedures." *Abdi v. Wray*, 942 F.3d 1019, 1031 (10th Cir. 2019). "The Fourteenth Amendment protects individuals against deprivations of liberty without due process of law. U.S. Const. amend. XIV, § 1. If a state actor's harmful conduct is unauthorized and thus could not be anticipated pre-deprivation, then an adequate post-deprivation remedy—such as a state tort claim—will satisfy due process requirements." *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013). Plaintiff alleges he was deprived of his weapon because the state court refused to permit him to send the

pistol to his authorized agent. Plaintiff was provided post-deprivation process via the ancillary proceedings in his criminal case, as set forth in the Report and Recommendation. Furthermore, Plaintiff does not allege in his Complaint that the post-deprivational procedures or remedies were inadequate. Finally, in his objection to the Report and Recommendation Plaintiff does not challenge Judge Purcell's conclusion that adequate post-deprivation remedies preclude a § 1983 due process claim. Accordingly, and for the reasons set forth in the Report and Recommendation, the Complaint is hereby dismissed for failure to state a claim.

For the reasons set forth herein, the Report and Recommendation (Doc.No. 8) is hereby ADOPTED and the case is dismissed pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B) for failure to state a claim.

**IT IS SO ORDERED** this 8th day of June 2020.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE